**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-20867 |
| **JAMES H. MCGUCKIN,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR AN ORDER APPROVING COMPROMISE AGREEMENT**
**PURSUANT TO FED. R. BANKR. P. 9019(a) AND D. ME. LBR 9019-1(e)**

NOW COMES Nathaniel R. Hull, the duly-appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, and, with the agreement of the Debtor and James E. McGuckin (the "Debtor's Father"), and pursuant to Federal Rule of Bankruptcy Procedure 9019(a) and D. Me. LBR 9019-1(e), moves this Court to enter an order approving and authorizing the compromise (the "Compromise Motion") reached between the Trustee and the Debtor's Father with respect to the dispute described herein.

### I. Jurisdiction, Venue and Statutory Basis for Relief

1.   This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), as well as D. Me. Civ. R. 83.6(a), pursuant to which all cases filed in Maine under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code, are referred to bankruptcy judges of this district.

2.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) upon which the Court has constitutional authority to enter final judgment.

9201195_1.DOCX

3. Venue over this case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## II. Factual Background

4. On December 14, 2015, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

5. On December 15, 2015, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. On December 28, 2015, the Debtor filed Form 106Sum (the "Statement of Financial Affairs").

7. Under Part 3, Question 7 of the Statement of Financial Affairs, the Debtor indicated that within one year before he filed for bankruptcy, he made a payment on a debt to an insider.

8. Specifically, the Debtor indicated that the payment was made to the Debtor's Father -- James E. McGuckin -- residing at 184 Theodore Drive, Coram, New York 11727. The payment was made on or about August 12, 2015 in the amount of $37,086.00 (the "Insider Payment"). The Debtor further indicated that the reason for the Insider Payment was for "repayment of loan by Hamlet Staekhouse [sic], Inc. of which Debtor is sole shareholder, to Debtor's father."

## III. The Dispute

9. A dispute exists over the extent to which the Trustee may avoid the Insider Payment pursuant to 11 U.S.C. § 547(b) (the "Dispute").

10. For the reasons discussed below, the Trustee and the Debtor's Father desire to reach a resolution of the Dispute prior to incurring the significant additional fees and costs

attendant to anything but a prompt compromise. Moreover, the Debtor supports the proposed resolution of the Dispute under the terms described below.

### IV. The Resolution and Terms of the Compromise

11. The Trustee and the Debtor's Father (collectively, the "Parties") desire to settle and resolve the Dispute according to the following terms:

(a) The Debtor's Father agrees to pay, and the Trustee agrees to accept, $12,500 in full and final settlement of any and all claims the Trustee may have against the Debtor's Father relating to the Insider Payment.

(b) Promptly after entry of an Order approving the Compromise Motion, the Debtor's Father will deliver $12,500 to the Trustee for the benefit of the Debtor's estate, which the Trustee shall administer free and clear of all liens, claims, interests and encumbrances.

(c) The Debtor's Father hereby, subject only to entry of an Order approving the Compromise Motion, waives and releases any and all claims against the Trustee and the estate. Such waiver and release shall become effective automatically upon, and only upon, entry of the Order approving the Compromise Motion.

### V. Legal Standard

12. Fed. R. Bankr. P. 9019(a) provides that "[on] motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." By its own terms, Fed. R. Bankr. P. 9019(a) commits the approval or rejection of a compromise to the sound discretion of the bankruptcy court. *See, e.g.*, *Beacon Investments LLC v. MainePCS, LLC*, 468 B.R. 1, 14 (D. Me. 2012) (quoting *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir. 1995)); *In re Murphy*, 288 B.R. 1, 3 (D. Me. 2002); *In re Greenacre*, 103 B.R. 1, 4-5 (Bankr. D. Me. 1989).

13. The Court may approve a compromise if it is in the best interests of the estate. *See, e.g., In re McDonald,* 430 B.R. 5, 10 (Bankr. D. Me. 2010) (citing *Knowles v. Putterbaugh*

*(In re Hallet)*, 33 B.R. 564, 565 (Bankr. D. Me. 1983)). "'The bankruptcy court essentially is expected to 'assess [ ] and balance the value of the claim[s] . . . being compromised against the value . . . of the compromise proposal.'" *Id.* (quoting *Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50 (1st Cir. 1998)).

14. The factors to be considered in assessing a trustee's motion to compromise include:

    (a) the probability of success in the litigation being compromised;

    (b) the difficulties, if any, to be encountered in the matter of collection;

    (c) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and

    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*See, e.g., In re McDonald,* 430 B.R. at 10 (citing *Healthco Int'l, Inc.,* 136 F.3d at 50).

15. "The experience and competence of the fiduciary proposing the settlement is also to be taken into account." *Id.* (internal quotation marks omitted). "Ultimately, the responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Id.* (internal quotation marks omitted).

## VI. **Argument**

16. The proposed compromise is in the best interests of the Debtor's estate after considering the required *Healthco* factors. Specifically, the compromise should be approved for the following reasons:

    (a) The probability of success in the litigation being compromised: The Trustee's ability to avoid the Insider Payment is uncertain given that the Insider Payment was made by a corporation wholly owned by the Debtor -- Hamlet Steakhouse, Inc. -- rather than by

the Debtor individually. Under the compromise, the Trustee is ensured a minimum benefit for the estate.

(b) The complexity of the litigation involved and the expense, inconvenience, and delay attending the further dispute: As previously noted, it is uncertain whether the Insider Payment made by Hamlet Steakhouse, Inc. could be avoided with equal force by the Trustee as if the Debtor had made the Insider Payment individually. In litigation, the estate might be forced to expend significant resources to fully develop the record and arguments. The compromise obviates the need for litigation and ensures payment of money to the estate.

(c) Finally, the paramount interest of creditors weighs in favor of the proposed compromise: In this case, the estate's receipt of $12,500 will benefit creditors.

17. For all of the foregoing reasons, the Trustee believes that approving the compromise proposed in this Compromise Motion is in the best interest of the Debtor's estate.

WHEREFORE, the Trustee respectfully requests this Court enter an Order approving the Compromise Motion as well as granting such further relief as the Court deems just and equitable under the circumstances.

Dated: March 29, 2016

| SEEN AND AGREED TO: | */s/ Roger A. Clement, Jr.* |
|---|---|
|  | Roger A. Clement, Jr., Esq. |
|  | Stephen B. Segal, Esq. |
| */s/ Barry E. Schklair* | *Counsel to Trustee* |
| Barry E. Schklair, Esq. | VERRILL DANA, LLP |
| *Counsel to the Debtor and James E. McGuckin* | One Portland Square |
| MOLLEUR LAW OFFICE | Portland, ME 04101 |
| 419 Alfred Street | Tel: (207) 253-4412 |
| Biddeford, ME 04005 | Email: rclement@verrilldana.com |
| Tel: (207) 283-3777 | |
| Email: barry@molleurlaw.com | |