UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
|  | ) | Case No. 15-20867 |
| **JAMES H. MCGUCKIN,** | ) | Chapter 7 |
|  | ) | |
| Debtor. | ) ) | |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE
OF MEMBERSHIP INTEREST, FREE AND CLEAR OF ALL LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES, TO
<u>GROUND ROUND INDEPENDENT OWNERS COOPERATIVE, LLC</u>
(With Incorporated Memorandum of Law)**

NOW COMES Nathaniel R. Hull, the duly-appointed Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of James H. McGuckin (the "<u>Debtor</u>"), by and through his undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 2002 and 6004, and Maine Bankruptcy Rules 2002-1 and 6004-1, hereby moves this Court for entry of an order approving and authorizing the sale of the bankruptcy estate's right, title and interests in Debtor's membership interest in Ground Round Independent Owners Cooperative, LLC ("<u>Ground Round</u>") to Ground Round (together with the Trustee, the "<u>Parties</u>"). In support of this Motion, the Chapter 7 Trustee states as follows:

### I. <u>Jurisdiction, Venue and Statutory Basis for Relief</u>

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The authority for the relief requested herein is found in 11 U.S.C. §§ 105, 363, 704 of the United States Bankruptcy Code (the "<u>Code</u>"), and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure.

**II. Factual Background**

2. On December 14, 2015, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

3. On December 15, 2015, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

4. Property of the Debtor's bankruptcy estate includes the Debtor's membership interest in Ground Round, a Delaware limited liability company standing in Debtor's name on the books of the same (the "Membership Interest").

5. By operation of the Code, the Trustee now controls whatever interest Debtor had in the Membership Interest.

6. Pursuant to Section 5.3(B) of the Second Amended and Restated Operating Agreement of Ground Round, dated June 24, 2010, Ground Round has the right of first refusal to "purchase all or any portion of the [Selling Member's] Unit or Units subject to the Offer (the 'Offered Units') upon the terms of such Offer or for the Fair Market Value of the Offered Units."

7. Ground Round has offered to purchase the Membership Interest from the Trustee. The Trustee now seeks to sell and convey the Membership Interest to Ground Round.

**III. Proposed Sale Process**

8. Ground Round has agreed to pay $5,000.00 for the Membership Interest. Ground Round shall pay the Trustee $2,500.00 immediately upon execution of the Acquisition Agreement (the "Agreement") as an earnest money deposit (the "Deposit"), which the Trustee shall hold pending Closing, and an additional $2,500.00 at Closing (the "Offer"). The signed Agreement to purchase the Membership Interest is attached as Exhibit A and incorporated by reference.

9.  The Trustee is making no representation or warranties of any kind relating to the Membership Interest and is selling the estate's interest, whatever the extent of that interest may be, in the Membership Interest on an "**AS IS**," "**WHERE IS**," "**WITH ALL DEFECTS**" condition.  In addition, there is no financing contingency and no due diligence conditions.  In short, Ground Round proposes to pay $5,000.00 for sale of the Membership Interest conditioned only upon entry of an order approving the transfer of the Membership Interest to Ground Round free and clear of all liens, claims, interests and encumbrances.

10. An additional component of this proposed sale is that the Debtor will release his claim to a $4,375.00 exemption in the Membership Interest.  This concession is in exchange for both the Debtor's cooperation in the turnover of certain property in New York that is expected to produce $5,000.00 for the estate (and will be the subject of a separate approval motion), and in exchange for the Trustee permitting $1,872.00 in non—exempt tax refunds to be retained by the Debtor.  These "side conditions" produce a considerable net financial benefit to the estate.

11. The Offer is subject to approval by this Court.  Upon receipt of the purchase price in the form of a certified check, bank check or wire transfer, the Trustee shall transfer title to the Membership Interest free and clear of all liens and encumbrances by executing and delivering to Ground Round a quitclaim bill of sale substantially in the form attached as Exhibit B (the "Quitclaim Bill of Sale").  The Closing shall occur on or before five business days after the sale is approved by this Court, but in no case later than July 31, 2016 (the "Closing Deadline").

12. The Trustee believes that the Membership Interest has little, if any, value in the market to a purchaser other than Ground Round.

## IV. Discussion

13. Pursuant to § 363(b)(1) of the Code, the Trustee may sell the assets of a Debtor's estate outside of the ordinary course of business. Section 363(b)(1) of the Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In order to win approval for a sale, a trustee is not required to show that the sale will produce enough money to pay all or most of the claims. Very few sales in Chapter 7 cases generate enough money to pay all, or even a majority, of the debts. In fact, Congress anticipated that estate money will run out in some cases before all creditors are paid, which is why the Code states the order of priority in which different categories of creditors are to be paid. 11 U.S.C. § 726." *In re Buchanan,* 270 B.R. 689, 694 (Bankr. N.D. Ohio 2001).

> In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test. Some earlier decisions describe the standard as one of 'good faith' or of whether the transaction is 'fair and equitable' or whether the sale is 'in the best interest of the estate.'

3 Collier on Bankruptcy ¶ 363.02[4] (16th ed. rev. 2016) (footnotes omitted). As set forth below, the proposed sale of the Membership Interest satisfies these elements.

14. The Trustee, in the exercise of his business judgment, has determined that the sale of the Membership Interest pursuant to § 363 of the Code is in the best interests of the estate and the estate's creditors. *See In re Frezzo*, 217 B.R. 985, 989 (Bankr. E.D. Pa. 1998) ("A chapter 7 trustee has considerable discretion in the exercise of her statutory duties. . . . The exercise of this discretion encompasses the manner in which to liquidate estate assets . . . so long as the trustee acts reasonably and in the best interests of the estate, and so long as she obtains fair value for the property under the circumstances of the case, her choice of method of disposition will be

respected.") (citing 4 Collier on Bankruptcy ¶ 704.04[1] at 704-11 (15th ed. rev. 1996)); *see also In re WPRV-TV, Inc.*, 983 F.2d 336, 340 (1st Cir. 1993) (to ensure trustee's compliance with duties, bankruptcy court generally afforded wide latitude in deciding whether to grant or deny approval of estate asset sales); *In re Bakalis,* 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (same).

15. To the best of the Trustee's knowledge, the Membership Interest is not encumbered by any security interests of any party, and constitutes unencumbered assets of Debtor's estate.

16. The Trustee is satisfied that the terms of the Offer have been reached after good faith, arms-length negotiations by and between the Trustee and Ground Round.

## V. Relief Requested by the Trustee

17. The Trustee seeks approval of this Court to allow the sale of the bankruptcy estate's interest in the Membership Interest free and clear of all liens, claims, interests and encumbrances.  As noted, the Trustee is not aware that any entity or person claims a security interest in the Membership Interest, and therefore believes it appropriate for this Court to enter an order confirming that the cash proceeds from the sale of the Membership Interest can be administered free and clear of all liens, claims, interests and encumbrances.  However, should any party assert a lien, claim, interest or encumbrance in the Membership Interest or the proceeds from the proposed sale, the Trustee proposes any such disputed lien, claim, interest or encumbrance, to the extent valid and enforceable, will attach to sale proceeds in the same order of priority that it is entitled to under applicable law.

18. Ground Round is proceeding in good faith in the transaction contemplated by the Offer and, therefore, is entitled to the protections of § 363(m) of the Code.

19. The Trustee prepared the Notice, which will be served on all interested parties.

## VI. Service of this Motion

20. Contemporaneously with the filing of this Motion, all parties listed on the Court's Electronic Filing System in this case were served electronically. Pursuant to Maine Local Bankruptcy Rule 2000-1(a)(1), the Clerk's office will serve the Notice in accordance with its procedures. The Trustee respectfully requests that the Court find such notice to constitute fair, adequate, and sufficient notice of all matters set forth in this Motion.

## VII. Conclusion

WHEREFORE, for all the foregoing reasons, Nathaniel R. Hull, Chapter 7 Trustee, respectfully requests that this Court enter an order:

A. Authorizing and approving the Acquisition Agreement and the Trustee's Motion for Approval of Sale of Membership Interest, Free and Clear of All Liens, Claims, Interests and Encumbrances, to Ground Round Independent Owners Cooperative, LLC;

B. Finding that Ground Round Independent Owners Cooperative, LLC is a good-faith, arm's length purchaser of the Membership Interest from the bankruptcy estate, that the Membership Interest can be sold free and clear of all liens, claims, interests and encumbrances, and that the sale shall be administered free and clear of all liens, claims, interests and encumbrances;

C. Authorizing the Trustee to take any and all further action, execute and deliver all documents necessary to consummate the transaction described herein, including executing the Trustee's Quitclaim Bill of Sale attached hereto as Exhibit B; and

     D.    Granting the Trustee such other and further relief as the Court deems just and appropriate.

Dated: June 8, 2016

                                                          */s/ Roger A. Clement, Jr.*
                                                          Roger A. Clement, Jr., Esq.
                                                          Stephen B. Segal, Esq.
                                                          *Counsel to Trustee*

VERRILL DANA, LLP
One Portland Square
Portland, ME 04101
Tel: (207) 253-4412
rclement@verrilldana.com
ssegal@verrilldana.com
bankr@verrilldana.com

9358312_1.DOCX